IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ORLANDO STANFORD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1651 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PTLM DANIEL UNCAPHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER STAYING CASE

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (citation to quoted sources omitted). As part of the screening process, the Court may consider whether a plaintiff's civil rights claim(s) are premature in light of *Heck v. Humphrey*. *See, e.g.*, Strand v. Thompson, 2016 WL 937265, *3 (D. Del. Mar. 10, 2016) Johnson v. Koehler, 2015 WL 1470948, *22 (M.D. Pa. Mar. 31, 2015) (citation to quoted sources omitted). Furthermore, when "a plaintiff files a[n arrest-related civil rights claim] before he has been convicted[,] or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007); *accord* Strand *and* Johnson, cited immediately *supra* (staying pre-conviction civil rights claims, through the IFP-screening process, because a finding in the prisoner-plaintiff's favor might impugn his potential future conviction).

Here, the public record confirms that Plaintiff's claims are directly related to the state court criminal-charges now pending against him. *Compare* Compl. (Doc. 3) at ¶¶ I & IV (at the time of initiating suit, Plaintiff was detained in Westmoreland County Prison, stemming from his arrest on December 21, 2014, at the hands of the Defendant-police offers, including first-named Defendant, Daniel Uncapher) *with* Dkt. Sheet in Crim. No. CP-65-CR-0003058-2015 (Comm. Pl. Westmoreland Cnty.) at 1-2 (confirming that Plaintiff was arrested by Officer Uncapher, on December 21, 2014, and that his criminal case is "active" and awaiting trial).[1] Under the circumstances, Plaintiff's claim(s) are premature, and this case hereby is **STAYED** and **ADMINISTRATIVELY CLOSED**.[2]

If and when Plaintiff's state charges are dismissed or resolved in his favor, he may file with this Court a motion to reopen his case. Plaintiff is forewarned, however, that any such motion must be appropriately supported, and, should it be in contradiction to his state-court criminal docket, the request will (in the absence of good cause) be summarily denied.[3]

IT IS SO ORDERED.

November 28, 2016     s\Cathy Bissoon
     Cathy Bissoon
     United States District Judge

---

[1] The Court may take judicial notice of Plaintiff's criminal docket. Orabi v. U.S. A.G., 738 F.3d 535, 537 n.1 (3d Cir. 2014).

[2] Administrative closings comprise a familiar way in which courts remove cases from their active files without final adjudication. Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted). Administrative closure is a docket control device used for statistical purposes, and it is without prejudice to Plaintiff's substantive rights. Honig v. Comcast of Georgia I, LLC, 537 F. Supp.2d 1277, 1290 n.8 (N.D. Ga. 2008).

[3] In light of the rulings herein, Plaintiff's Motion to Appoint Counsel (**Doc. 8**) is **DENIED AS MOOT**. Even were counsel now appointed, there is nothing he or she might say to alter the Court's determination that Plaintiff's claims are premature.

cc (via First-Class U.S. Mail):

Orlando Stanford
KP 0191
SCI Greene
175 Progress Drive
Waynesburg, PA  15370